IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JEFFERY A. WILKERSON | § | C.A. NO. _____ |
| | § | |
| V. | § | |
| | § | |
| PETROBRAS AMERICA INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Jeffery A. Wilkerson ("Plaintiff") complaining of Defendant Petrobras America Inc. ("Defendant"), and, for cause of action, would respectfully show this Honorable Court as follows:

### I.  PARTIES

1.1     Plaintiff Jeffery A. Wilkerson is a citizen and resident of the state of Oregon.

1.2     Defendant Petrobras America Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in the Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.  JURISDICTION

2.1    This Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff seeks damages in excess of $75,000.

## III.  VENUE

3.1    Pursuant to 28 U.S.C. § 1391(b)(1), venue of this action is proper in this Court as Defendant Petrobras resides in this District.

## IV.  FACTS

4.1    In February of 2013, Plaintiff was working as a mechanic at Defendant's facility in Peru, where helicopters delivered supplies and materials in support of Defendant's oil and gas exploration activities.

4.2    On or about February 13, 2013, when it came time for his work to end, and for Plaintiff to return to the United States, he was unable to depart via aircraft as planned, due to severe rainstorms.  Consequently, Defendant provided a small aluminum boat and pilot to transport Plaintiff.  The vessel was navigated through waters where there were visible trees rising out of the water, and presumably tree stumps hidden beneath the water.  The vessel violently struck something in the water, which caused the vessel to flip, throwing Plaintiff into the

water.  Plaintiff lost consciousness, and sustained severe and disabling bodily injuries.

    4.3    When he regained consciousness, Plaintiff was trapped in an air pocket under the boat.  He swam out through a window, and up to the surface.  He then began to float down the river.  He spotted a small village and was able to make his way to the bank and up onto land.  A small fishing boat, passing by, picked him up and took him to a village where he sat for hours, waiting for Defendant's rescue boat to arrive.  Defendant's rescue boat transported Plaintiff back to Defendant's work site from which he had departed in the aluminum boat.  He was then transported by helicopter to Defendant's main gas processing plant.  From there, Plaintiff was transported by fixed wing aircraft to Lima, Peru, where he was taken by cab to a hotel.  Plaintiff stayed at the hotel for roughly 6 hours, before flying by commercial airline back to the United States.

## V. NEGLIGENCE AND GROSS NEGLIGENCE

    5.1    At all times material hereto, Defendant owed Plaintiff a duty of reasonable care.  Defendant breached that duty and was negligent in:

    a.    Failing to provide Plaintiff with a safe means of transportation from its facility;

    b.    Failing to ensure that the pilot of the vessel was capable of navigating the vessel without crashing and capsizing the vessel;

    c.    Failing to train and/or failing to ensure that the pilot of the vessel had proper knowledge and training on the safe operation of the vessel, and familiarity with navigation on the river where the incident occurred;

    d.    Hiring an incompetent pilot to transport Plaintiff;

    e.    Failing to warn Plaintiff of the danger of riding on the vessel, and the risk of injury associated with traveling on the river upon which the boat crashed;

    f.    Failing to delay Plaintiff's transport from Defendant's facility until the weather conditions permitted safe transportation;

    g.    Failing to provide proper medical treatment to Plaintiff following his injury;

    h.    Failing to promulgate and enforce reasonable policies, procedures, and rules to insure the safe and proper transport of workers such as the Plaintiff from Defendant's facilities; and

    I.    Other acts and omissions shown at trial herein.

5.2    Defendant's conduct constitutes gross negligence. Defendant's acts and omissions, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual,

subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

    5.3    Defendant's conduct proximately caused the Plaintiff's injuries and damages as more specifically described below.

## VI.  DAMAGES

    6.1    By reason of the occurrence made the basis of this action, including the conduct on the part of Defendant, Plaintiff sustained severe physical and psychological injuries, including, but not limited to, contusion of his abdominal wall, right knee sprain, right eyeball contusion, right shoulder strain, right thigh contusion, broken teeth, Post-traumatic Stress Disorder, concussion, Post-concussion Syndrome, and cervical spinal sprain, all of which have caused him to suffer physical pain and suffering and mental anguish, from which he will continue to suffer indefinitely, if not for the balance of his natural life, in all reasonable probability.

    6.2.    As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently, all as a result of Defendant's negligence.

6.3     As a result of the foregoing injuries, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses for medical treatment in the future, necessitated by the Defendant's negligence.

6.4     As a result of the injuries sustained in the occurrence, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

6.5     Plaintiff is physically impaired as a result of injuries sustained in this occurrence.  As a consequence he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

6.6     Plaintiff has also experienced a loss of enjoyment of life, from which he will continue to suffer indefinitely, if not for the balance of his natural life, in all reasonable probability.

6.7     Pleading further, in the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated, accelerated, and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

6.8     Plaintiff seeks an award of exemplary damages to punish the Defendant for its gross negligence, and to deter future similar conduct.

## VII.  JURY DEMAND

7.1    Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays the Court issue a summons for Defendant to appear and answer, and after trial of this matter Plaintiff be awarded a judgment against Defendant for the following:

- a. Actual damages;
- b. Punitive damages;
- c. Prejudgment and postjudgment interest;
- d. Court costs; and
- e. All other relief to which Plaintiffs are justly entitled at law and in equity.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas Bar No. 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:  713.653.5600
Facsimile:  713.653.5656
Email:    marcus@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.

*Attorneys for Plaintiff, Jeffery A. Wilkerson*